IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JOSHUA W. SEMON | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Objectant | : | |
| | : | |
| vs. | : | |
| | : | |
| LAWRENCE V. YOUNG, ESQUIRE | : | |
| Applicant | : | CASE NO. 1:22-bk-01456-HWV |

TRUSTEE'S OBJECTION TO FIRST
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

AND NOW, this 13th day of December, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the First Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on November 22, 2022 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On August 8, 2022, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On November 22, 2022, Applicant filed his First Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 40).

1

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

5. Applicant's First Fee Application requests $4,377 in compensation and reimbursement of expenses to be paid through the Chapter 13 Plan. (ECF No.40).

6. The Fees and Compensation in the present case total approximately $5,847 including the First Fee Application and a retainer in the amount of $1,470. (ECF No. 40).

7. The case is unconfirmed at this time, and the Chapter 13 Plan is a proposed one-hundred percent plan. (ECF No. 8).

8. Approximately $12,608.19 would be required for the Chapter 13 Plan to pay one-hundred percent of the claims. This number includes the monthly disposable income amount provided on the Means test that would need to be paid into the plan; however, the Trustee disputes the monthly disposable income amount at this time. (ECF No. 7).

**Applicable Law**

9. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

10. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor

and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

11. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

12. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

13. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

14. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

15. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

16. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845.

17. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

18. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

### Analysis and Facts Specific to the Present Fee Application

19. The Trustee avers that the Chapter 13 Plan is not funded at this time for the fees in the First Fee Application because the plan is a proposed one-hundred percent plan, and approximately $12,608.19 is still required for the plan to pay one-hundred percent.

20. The Trustee further avers the last paragraph of Applicant's proposed order to grant the First Fee Application violates both § 1325(a)(6) and LR 2016-2(d). Said paragraph reads as follows:

> It is further Ordered that to the extent that the approval of these fees underfund the Chapter 13 Plan, The Chapter 13 Trustee is directed to pay to the CGA Law Firm the amount available within the Current Plan to the funding limit, *with the unpaid balance either to be paid outside of the Plan or to be paid in the plan if an amended plan is requested and approved.* In that event, the unpaid attorney's fees are not discharged, but will survive the Discharge of the Debtor(s) Chapter 13 case.

ECF No. 40-3 (emphasis added).

21. In the present case the requested fees would appear to underfund the plan. This language in the proposed order would require the Debtor to pay the Applicant's fees outside the plan in the event the plan were not amended to allow for the Applicant's fees. The payment of the fees through the plan is then conditioned on whether or not an amended plan is filed, and any additional fees would then still be granted regardless whether or not the plan is funded to support the fees. Such a provision runs contrary to § 1325(a)(6), and LR 2016-2(a) which provide the debtor must be able to make all payments in the plan, and comply with the plan, unless otherwise ordered by the court.

22. Accordingly, any language allowing for payment of fees outside of the plan should be excluded from the proposed order.

5

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

        Respectfully submitted,

        Jack N. Zaharopoulos
        Standing Chapter 13 Trustee
        8125 Adams Drive, Suite A
        Hummelstown, PA 17036
        (717) 566-6097

BY:   /s/ Douglas R. Roeder
        Attorney for Trustee

## CERTIFICATE OF SERVICE

AND NOW, this 13th day of December, 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Lawrence V. Young, Esquire
135 North George St.
York, PA 17401
lyoung@cgalaw.com

                                                        /s/Elizabeth Fitzgerald
                                                        Paralegal for Chapter 13 Trustee
                                                        8125 Adams Drive, Suite A
                                                        Hummelstown, PA 17036
                                                        (717) 566-6097